ANN McCARRAN, Appellant, *v.* HENRY G. COOPER, Respondent,
Impleaded with ELLEN McKENNA and Others.

*Who may sue to set aside a fraudulent naturalization.*

An action in equity, to set aside an alleged fraudulent naturalization of an alien,
can be maintained only by the United States or the State — it cannot be
brought by an individual.

APPEAL by the plaintiff, Ann McCarran, from a judgment of the
Supreme Court in favor of the defendant, Henry G. Cooper,
entered in the office of the clerk of the county of New York on
the 11th day of December, 1896, upon the decision of the court
rendered after a trial at the New York Special Term sustaining the
demurrer of Henry G. Cooper to her complaint.

*George Bliss,* for the appellant.

*James C. De La Mare,* for the respondent.

PARKER, J. :

This is a suit in equity brought to set aside an alleged fraudulent
naturalization obtained in the Court of Common Pleas in the year
1866, by Patrick McKenna, by virtue of which the heirs at law
and grantees of said Patrick claim to be, to the exclusion of plaintiff,
the owners of all the real estate which James McKenna, a brother
of the plaintiff and said Patrick, owned at the time of his death.

All of the persons having or claiming some interest in, or lien
upon the premises, whether as heirs at law, or widow of said Pat-
rick McKenna, or by conveyance from said Patrick McKenna or his
grantees, since the 6th day of December, 1866, were made parties
defendant. The defendants demurred to the complaint on the
ground that it did not state facts sufficient to constitute a cause of
action. At Special Term the demurrer was sustained, the learned
court holding that the plaintiff, whose rights were not affected at
the time of the granting of naturalization, cannot impeach, even
for fraud, the judgment to which she was a stranger, and which was
rendered by the court having jurisdiction of the parties and of the
subject-matter. With that view we are in agreement. If a con-
trary holding were possible a fertile field for litigation would be
opened up, which would result in vexation and loss to many hold-
ers of titles otherwise unassailable.

As the demurrer necessarily admits all of the allegations of the complaint to be true, it must be assumed that Patrick McKenna, in his application in writing to the Court of Common Pleas, falsely stated that he had resided in the United States three years next preceding his arrival at the age of twenty-one years, and that, at the time of said application, he had resided five years in the United States, including his minority.

Because of this fraud the court had the power to set aside the decree of naturalization, which stands upon the same footing as judgments and decrees rendered in other judicial proceedings. (*United States* v. *Norsch,* 42 Fed. Rep. 417.)

And a suit timely brought by a party having a standing in court for that purpose, as had the plaintiff in the case cited, could be successfully prosecuted.

The wrong, which we must assume was done by Patrick McKenna, was a wrong to the State, not to the individual. At the moment when the fraud was perpetrated on the court and the decree obtained, this plaintiff had no other or greater grievance than any other citizen of the State, the attempt of any one of whom to right the wrong, through an action personally brought, would have been treated as the act of an intermeddler.

Instances are not wanting where individuals, from both worthy and unworthy motives, have attempted to exercise some of the functions of government through suits personally brought, but with the exception of those instances where the statute gives the right, such as the act of 1872 (Chap. 161), "for the protection of taxpayers," their efforts have been fruitful only in failures.

The National Banking Law, in effect, prohibits a National bank from taking a mortgage on real estate to secure future advances, but it is held that the objection can only be urged by the government. (*National Bank* v. *Whitney,* 103 U. S. 99.)

In a suit brought to set aside a patent, the extension of which had been secured for a period of seven years by false swearing and fraud, it was held that the party claiming to be aggrieved could not maintain the suit, the court saying, "the fraud, if one exists, has been practiced on the government, and, as the party injured, it is the appropriate party to assert the remedy or seek relief." (*Mowry* v. *Whitney,* 14 Wall. 434.)

These cases will suffice to point out the rule which has long obtained. We have only been able to find two instances in which individuals have attempted to move the court to set aside decrees of naturalization. The first case is *Commonwealth* v. *Paper et al.* (1 Brewster, 267), in which the court said: "One citizen cannot impugn the action of a court in naturalization cases, so far as to require the cancellation of naturalization papers. Some public authority must do this."

And, in the second case (*In re Shaw*, 2 Penn. Dist. Rep. 250), Shaw, a naturalized citizen, applied for a license as a marine engineer — a license which only citizens of the United States can obtain. One Robert D. Dick, a member, and at the instigation of, the Marine Engineers' Beneficial Association, No. 13, filed a petition asking to have Shaw's naturalization papers vacated and set aside on the ground that they were obtained by fraud and perjury. The court said in part: "The course taken in the present case, though entirely straightforward, is both unauthorized and impertinent, for neither the petitioner, nor the body of which he is a member, has the slightest grievance to complain of. The wrong, if wrong there be, is to the nation and to the State. The Attorney-General of the United States, by himself or his subordinates, the Attorney-General of Pennsylvania, or the district attorney of this county, is thereof the proper vindicator. (See *Com.* v. *Paper*, 1 Brewster, 269, Supreme Court of Pa.) To these officers the petitioner, not as a marine engineer, either by himself or his associates, but as an American citizen, could at any time apply. A hearing to the representative of the person injured by its error will never be denied by any court faithful to its duty, but the attempt to remedy a public wrong, at the instance of a private person, when no reason is shown for the absence of the officers of the law, duly authorized in this connection, can only lead to confusion, as well-tried experience has shown."

The judgment should be affirmed, with costs.

Van Brunt, P. J., Williams, Patterson and Ingraham, JJ., concurred.

Judgment affirmed, with costs.